UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MINNESOTA LIFE INSURANCE COMPANY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | 3:12-cv-526 |
|  | ) |  |
| JACOB P. HUBBARD, A.N.H (a minor), BARBARA M. BOYKINS, and FORD ACCEPTANCE CORPORATION, | ) ) ) |  |
|  | ) |  |
| Defendants. | ) |  |

**OPINION AND ORDER**

Before the Court are Motions for Default Judgment by cross-Plaintiffs Jacob P. Hubbard and A.N.H (a minor) on their cross-claims against cross-Defendant Barbara M. Boykins. [DE 42 and 45.] For the reasons explained below, these motions will be granted.

**BACKGROUND**

This case involves a dispute over life insurance proceeds. In the 1990s Plaintiff Minnesota Life Insurance Company issued a group term-life insurance policy to the University of Notre Dame that covered all of its eligible employees, including Yul Hubbard. Hubbard originally designated his wife as the policy beneficiary. They got divorced in 2010, and the Decree of Dissolution stated: "All life insurance policies currently insuring the life of the father shall be maintained and the parties' minor children or a Trust for the benefits of the parties minor children shall be named the irrevocable beneficiary thereunder. The obligation to maintain such life insurance policy shall terminate when the youngest child reaches the age of twenty-one (21) years." [DE 13 at 7.] In March of 2012, Hubbard changed the beneficiary of the Minnesota Life

policy to his mother, Barbara Boykins. A few weeks later he changed it again so that there were three equal beneficiaries: Boykins and his two children, Jacob and A.N.H. A few months later, on June 29, 2012, Hubbard died.

Minnesota Life initiated this action in a Complaint for Interpleader filed on September 17, 2012. Minnesota Life noted that there were competing claims with regard to whom the insurance benefits should be paid and, as a disinterested party in this dispute, sought to deposit the disputed funds with the Court. On December 18, 2012, the Court granted the parties' Agreed Motion for Interpleader Relief, the funds were deposited with the Clerk, and Minnesota Life was dismissed from the litigation.

All that was then left in the case was the dispute about how to divide the disputed funds among the four Defendants: Boykins, Jacob Hubbard, A.N.H., and Ford Acceptance Corporation. (To pay for Hubbard's funeral, Boykins signed an Assignment of the Plan Benefits in the amount of $11,450.75 to Clark-O'Neal Funeral Home Inc., who then executed a Reassignment of its interest to Ford Acceptance Corporation. *See* DE 1-4.) In answering the original complaint, Jacob Hubbard and A.N.H. both brought cross-claims against Boykins and Ford Acceptance Corporation. These cross-claims are not particularly artfully pled, but in substance both really seek declaratory relief stating that Boykins and Ford Acceptance Corporation are not entitled to any of the insurance proceeds. Ford Acceptance Corporation answered these cross-claims. Boykins, however, never responded to them, and Jacob Hubbard and A.N.H. both moved for the entry of default against her.

The vast majority of defaults occur in cases where a party is proceeding *pro se*. That's not the case here, however, as Boykins is represented by counsel. So, rather than simply grant

the motions for the entry of default against her, I scheduled a status hearing for January 16, 2013. Counsel for Boykins appeared at that hearing. He didn't provide any substantive explanation for Boykins' failure to answer the cross-claims. Nevertheless, I granted Boykins 30 additional days to answer the cross-claims, but cautioned her counsel that default would be entered against Boykins if that deadline was not met. Remarkably, in those 30 days another attorney entered an appearance on Boykins behalf (so she now has two), but she still failed to file an answer to the cross-claims. The Clerk thus entered default against Boykins on February 20, 2013, and now pending are Jacob Hubbard and A.N.H.'s motions for default judgment.

## DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.,* 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). Because the clerk already entered a default against Boykins, I may now enter a default judgment under Rule 55(b)(2), though I must exercise discretion in doing so. *See O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993).

Courts may consider a number of factors when deciding a motion for default judgment. Those factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are present, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the

3

grounds for default are clearly established or are in doubt. 10A Wright *et al.*, Fed. Prac. & Proc. Civ. 3d § 2685 (3d ed. 2007); *see Cameron v. Myers*, 569 F. Supp. 2d 762, 764 (N.D. Ind. 2008).

Applying these factors, the Court finds that a default judgment against Boykins is warranted. No material issues of fact are at issue and the grounds for default are clearly established. In addition, the default goes beyond a mere technicality: despite being represented by two attorneys, Boykins has not filed any responsive pleading to the cross-claims. Furthermore, the cross-Plaintiffs do not seek damages from Boykins but merely a declaratory judgment regarding the insurance proceeds in dispute. A weighing of these factors favors the entry of default judgment against the Boykins.

## CONCLUSION

For the foregoing reasons, the Motions for Default Judgment by cross-Plaintiffs Jacob P. Hubbard and A.N.H on their cross-claims against cross-Defendant Barbara M. Boykins are **GRANTED**. [DE 42 and 45.] The Clerk is directed to enter **FINAL JUDGMENT** against cross-Defendant Barbara M. Boykins on the cross-claims brought by cross-Plaintiffs Jacob P. Hubbard and A.N.H. This case will proceed on the only claims still pending: cross-Plaintiffs Jacob P. Hubbard and A.N.H's cross-claims against cross-Defendant Ford Acceptance Corporation.

**SO ORDERED**.

ENTERED: March 14, 2013

                                                    s/ Philip P. Simon
                                                    PHILIP P. SIMON, CHIEF JUDGE
                                                    UNITED STATES DISTRICT COURT